IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NORA LEE**, <br><br> Plaintiff, <br><br> v. <br><br> **KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST**, <br><br> Defendant. | Case No. 3:16-cv-1991-YY <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on April 9, 2018. ECF 43. Judge You recommended that Defendant's motion for summary judgment be granted against Plaintiff's claim under the Family Medical Leave Act ("FMLA") but denied against her claim under the Americans with Disabilities Act ("ADA").

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Both Plaintiff and Defendant timely filed an objection. ECF 49 and 50, respectively. Plaintiff objects to Judge You's conclusion that summary judgment should be granted against Plaintiff's FMLA claim, and Defendant objects to Judge You's conclusion that summary judgment should be denied as to Plaintiff's ADA claim. The Court thus reviews these issues *de novo*. For those portions of Judge You's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

Plaintiff objects that an FMLA interference claim may be available when a plaintiff is forced to use FMLA leave even when there is an FMLA-qualifying reason for that leave. There are two problems with Plaintiff's argument. The first is that the authority relied on by Plaintiff is factually distinguishable. As explained by the Ninth Circuit, a plaintiff may wish to take time off for a reason that qualifies under the FMLA, but intend not to exercise rights under the FMLA,

and that might qualify as FMLA interference if FMLA leave is forced by the employer. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1244 (9th Cir. 2014). In *Escriba*, the employee took time off and wanted it allocated as vacation, not FMLA leave time, but the employer nevertheless allocated the time off as FMLA leave time. That is not, however, what Plaintiff is alleging in this case. She does not assert that she wanted to take time off from work but not have it allocated as FMLA leave. To the contrary, she is asserting that she did not want to take time off from work at all, but instead wanted her work schedule adjusted so that she would be able to work full time with Mondays and Tuesdays off to attend medical treatment, and not be required to use any FMLA leave, sick leave, or vacation.

Second, courts considering an "involuntarily leave" FMLA interference claim, including the authorities relied on by Plaintiff such as this Court in *Clink v. OHSU*, 2014 WL 3850013, at *6 n.7 (D. Or Aug. 5, 2014), note that such a claim is ripe only after the employee later attempts to take FMLA leave but is unable to do so because the available leave has been exhausted. *See also* ECF 53 at 3-4 n.4 (listing cases). That is not what Plaintiff alleges in this case. The Court agrees with Judge You that summary judgment should be granted against Plaintiff's FMLA claim and adopts that portion of the Findings and Recommendation.

Defendant objects that Judge You erroneously found genuine issues of material fact as to whether the accommodation offered by Defendant (intermittent FMLA leave) was reasonable, whether the accommodation requested by Plaintiff (a regular work schedule) was reasonable and would not cause undue hardship, and whether Defendant acted in good faith. Defendant also asserts that Judge You made an erroneous finding of fact in determining that Plaintiff's doctors recommended that Plaintiff have a regular, routine, and consistent work schedule. Regarding the latter objection, the Court disagrees with Defendant's characterization of the record. Defendant

asserts that Judge You's factual finding that Plaintiff's doctors recommended a consistent work schedule was clearly erroneous and a mischaracterization of the record because Plaintiff's doctors merely recommended that Plaintiff have Mondays and Tuesdays off to attend medical treatment, which Defendant's provision of intermittent FMLA leave accommodated. There were several notes from Plaintiff's doctors. The first note, dated April 9, 2015, stated that Plaintiff "needs a *regular work schedule* Wednesday [through Sunday] . . . ." (emphasis added). The second note, dated April 14, 2015, stated: "It is *strongly medically recommended* that [Plaintiff] have a *consistent routine weekly schedule* with 2 days off in a row . . . ." (emphasis added). Although a few later notes from Plaintiff's doctors focus more on the two days off than the regular and consistent work schedule, they do not repudiate the earlier recommendation for a regular work schedule. Thus, it was not clear error for Judge You to conclude that Plaintiff's doctors recommended a routine and regular work schedule for Plaintiff.

The Court has also reviewed *de novo* Judge You's reasoning and analysis regarding whether the accommodation of intermittent leave offered by Defendant was reasonable, and adopts that portion of the Findings and Recommendation.[1] The Court agrees that there genuine disputes of material fact on this issue for a jury to resolve. Defendant's objection that Plaintiff enjoyed the same benefits and privileges of employment as a matter of law because Plaintiff accrued sick leave and vacation leave for the hours she worked just like the nondisabled pharmacists misunderstands Plaintiff's claim and Judge You's finding. Judge You did not find that Plaintiff did not accrue or enjoy benefits differently for hours that Plaintiff worked. Rather,

---

[1] The Court does not, however, adopt the enumerated elements of a *prima facie* case for failure to accommodate set out on page seven of the Findings and Recommendation, citing to *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012). Those four enumerated elements are not the elements listed in *Samper*. Because they are not relevant to the specific objections now before this Court, the Court does not at this time address the issue further.

PAGE 4 – ORDER

Judge You found that Plaintiff was, because of her disability and the accommodation offered to her, not given the opportunity to work full time hours like all of the other nondisabled pharmacists and enjoy the benefits of employment that accompanied full time work hours. Nondisabled pharmacists were able to accrue more sick leave, not use up their entire bank of sick leave, and were eligible for supplemental pension contributions. Whether Plaintiff was denied the ability to enjoy those benefits and privileges of employment by having to use her sick leave nearly every week presents a question for the jury. Had Plaintiff been given a different accommodation, such as the regular work schedule she requested, then she would have been able to work full time hours, would have accrued sick leave the same as other nondisabled pharmacists, would not have used up her entire sick leave bank, and would have been eligible for supplemental pension contributions.[2]

The Court also adopts Judge You's analysis regarding whether the accommodation requested by Plaintiff was reasonable and whether Defendant acted in good faith. The record supports that there are genuine disputes of material fact on these issues. The Court agrees with Judge You that there is a factual dispute as to whether working rotating shifts was an essential function of Plaintiff's job. In addition to the facts discussed by Judge You, the Court notes that the written job description for a pharmacist does not list rotating shifts as an essential duty. The requirement of "rotating shifts as required" is included in the list of "major challenges." This list also includes, for example: working well with others; demonstrating good rapport; demonstrating

---

[2] The Court also overrules Defendant's objections that Judge You fails to distinguish the authority relied on by Defendant. First, the cited authority is not binding on this Court. Second, Judge You properly noted that those cases did not discuss the "benefits and privileges" prong of the ADA and the Court is not persuaded by Defendant's argument that although those courts were entirely silent on the issue the courts "implicitly" concluded that the prong was met. Court opinions address the issues raised before the court and discussed in the opinion and are not persuasive authority for issues *not* addressed in an opinion.

flexibility in adjusting one's personal schedule; and accepting the strengths and weaknesses of others. Above the list of "major challenges" is a list of "major accountabilities." This list includes, for example: consulting with health care practitioners and patients; reviewing, interpreting, and filling prescriptions; and monitoring, surveying, and inspecting facility medication storage to ensure safe drug storage. Although neither list specifically indicates it is a list of the essential functions of the job of pharmacist, the list that begins at the top of the job description and includes filling prescriptions is more likely to be the list of essential functions of the job than the list that starts on the third page of the document and includes accepting the strengths and weaknesses of others. Plaintiff also recites additional support in the record raising genuine disputes of material fact on this point. ECF 52 at 10-11. Defendant's objection that Judge You erred in finding issues of fact that working a rotating shift is an essential function of the job is without merit. Given that, the remainder of Judge You's analysis is also adopted.

The Court **ADOPTS** Judge You's Findings and Recommendation, ECF 43, except as noted herein. Defendant's motion for summary judgment (ECF 19) is GRANTED IN PART. Summary judgment is granted with respect to Plaintiff's claim under the FMLA and denied with respect to Plaintiff's claim under the ADA.

**IT IS SO ORDERED.**

DATED this 20th day of June, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge